UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    CHARLES M. DOUGLASS,
        DANA D. DOUGLASS,                         Case No. 13-32823-dof
                Debtors.                                        Chapter 13 Proceeding
                                                                                   Hon. Daniel S. Opperman
_____/
CHARLES M. DOUGLASS,
DANA D. DOUGLASS,

       Plaintiffs,

v.                                                                                      Adversary Proceeding
                                                                                      Case No. 13-03284-dof

FIRSTMERIT BANK,

       Defendant.
_____/

OPINION DENYING MOTION OF CHARLES M. DOUGLASS AND DANA D. DOUGLASS
FOR SUMMARY JUDGMENT AND SCHEDULING TELEPHONIC STATUS CONFERENCE
REGARDING STATUS OF THIS ADVERSARY PROCEEDING
<u>ON OCTOBER 14, 2015 AT 1:30 P.M.</u>

Introduction

        Charles M. Douglass ("Charles M.") and Dana D. Douglass ("Dana") ("Plaintiffs" or "Debtors") commenced this adversary proceeding to determine the value of FirstMerit Bank's (the "Defendant") interest in residential real property owned by the Plaintiffs and to avoid the Defendant's security interest in that property. In their Motion for Summary Judgment, the Plaintiffs question the legal effect of the Defendant's mortgage. For the reasons stated in this Opinion, the Court denies the Plaintiffs' Motion for Summary Judgment.

1

Facts

The following facts can be stated with certainty after close review of the pleadings. Pursuant to a warranty deed executed on April 14, 2000, Charles R. Douglass ("Charles R.") purchased real property located in Genesee County at 5190 Olde Saybrooke Road, Grand Blanc, Michigan 48439 (the "Property"). On October 22, 2001, Charles R. and Susan K. Douglass ("Susan"), his wife, executed a Quitclaim Deed of the Property to Charles R. and their son, Charles M. The Quitclaim Deed reads, in part: "That Charles R. Douglass and Susan K. Douglass, his wife . . . Quit Claims to: Charles R. Douglass, a married man and Charles M. Douglass, a married man." At the time the Quitclaim Deed was executed, Charles M. was married to Dana. On March 26, 2004, Charles M. and Charles R. granted a mortgage against the Property to Citizens Bank, the predecessor of the Defendant. The promissory note executed in connection with the mortgage established a debt of $105,600.00. Charles R. was liable as the only signatory to the note. This mortgage properly described Charles M. as a married man. On February 12, 2007, Charles M. granted a second mortgage against the Property to Citizens Bank securing a credit limit of $40,000.00.[1] The mortgage described Charles M. as a single man and only contained the signature of Charles M. and not his wife Dana or his father Charles R. On August 16, 2013, Charles M. and Dana subsequently filed a Chapter 13 petition. The Plaintiffs then filed this adversary proceeding to determine the value of the Defendant's interest in the Property and to avoid the Defendant's security interest in the real property.

Summary of the Parties' Arguments

Relying on *Fisher v. Meister,* 24 Mich. 447 (1872), the Plaintiffs argue that the second mortgage on the Property is void because a conveyance or mortgage of the homestead by a husband without the signature of his wife is void. Additionally, the Plaintiffs argue that when a lender makes a

---

[1] Based upon the Proof of Claim filed at Claims Register #3-1 the amount owing under the second mortgage is $38,339.53.

loan secured by a mortgage on jointly owned residential real estate, the failure to secure the signature of all of the property owners on the mortgage instrument renders the mortgage invalid. Thus, the Plaintiffs assert that pursuant to 11 U.S.C. § 506(a) and *Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663 (6th Cir. 2002), the Defendant has no allowable secured claim in the property and as such the Defendant's claim should be treated as unsecured under the Debtors' plan. The Defendant argues that Charles R. and Charles M. hold the Property as tenants in common pursuant to M.C.L.A. § 554.44, thus making the signature of the wife unnecessary on the second mortgage. The Defendant also asserts that there is equity in the property exceeding the balance owing on the first mortgage, therefore the second mortgage cannot be stripped pursuant to 11 U.S.C. § 506(a).

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) ("determinations of the validity, extent, or priority of liens").

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014) and *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Standard of Review

### Summary Judgment Standard

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056. Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

3

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980). The moving party bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp. 1223, 1227 (E.D. Mich. 1991).

Analysis

A. The Property Is Held as Tenants in Common

The facts establish that Charles R. and Charles M. hold the Property as tenants in common. Notably, the Quitclaim Deed conveying the Property from Charles R. and Susan to Charles R. and Charles M. was silent regarding the type of tenancy that it created. M.C.L.A. § 554.44 states: "All grants and devises of lands, made to 2 or more persons, except as provided in the following section,[2] shall be construed to create estates in common, and not in joint tenancy, unless expressly declared to be in joint tenancy." Since the conveyance did not expressly declare that a joint tenancy was created, Charles R. and Charles M. hold the Property as tenants in common. The Property cannot be held as tenants by the entireties because the Property was not conveyed to two parties who were husband and wife. Moreover, the Michigan Supreme Court has held that a conveyance of real estate to two unmarried people that included the words "as tenants by the entireties" creates a tenancy in common. *In re Estate of Kappler*, 418 Mich. 237, 239, 341 N.W.2d 113, 114 (1983).

---

[2] M.C.L.A. § 554.45 reads: "(t)he preceding section shall not apply to mortgages, nor to devises or grants made in trust, or made to executors, or to husband and wife."

4

B. Dower Rights Attached to Charles M.'s Interest in the Property

The Court also determines that Dana has a dower interest in the Property. A debtor's dower interest is determined by state law. Under Michigan Law, "[t]he widow of every deceased person, shall be entitled to dower, or the use during her natural life, of 1/3 part of all the lands whereof her husband was seized of an estate of inheritance, at any time during the marriage, unless she is lawfully barred thereof." M.C.L.A. § 558.1.

A dower interest attaches on marriage and applies to land that the husband owned before marriage and brings into marriage, as well as land acquired during the marriage. *See Bartkowiak v. Bartkowiak*, 286 Mich. 623, 624-25, 283 N.W. 49, 50 (1938). A wife's right of dower is an "inchoate" right that is not consummated until the death of the spouse. *United States v. Chalmers* (*In re Wheeler*), 252 B.R. 420, 426 (W.D. Mich. 2000) (citing *Cummings v. Schreur,* 239 Mich. 178, 214 N.W. 199 (1927)). Although a dower right does not attach to any individual interest in real estate held by a husband as a joint tenant during the pendency of the joint tenancy, a dower right does attach to a tenancy in common. *See, e.g.*, *Schmidt v. Jennings*, 359 Mich. 376, 387, 102 N.W.2d 589, 595 (1960); *Midgley v. Walker*, 101 Mich. 583, 584, 60 N.W. 296 (1894) ("There can be neither dower nor curtesy of an estate held in joint tenancy . . . ."); 1 JOHN G. CAMERON, JR., MICHIGAN REAL PROPERTY LAW: PRINCIPLES AND COMMENTARY § 8.2 and § 8.4 (3d ed. 2005).

C. The Second Mortgage is Valid

After determining that Dana's dower interest does attach to the Property, the Court must determine if the second mortgage is valid in light of the absence of Dana's signature.

Generally, the extent of a dower right is first measured by determining whether a mortgage is executed before or after the marriage. If the mortgage is executed before the marriage, the widow is entitled to claim a dower right out of the mortgaged land against all except the mortgagee and assigns. M.C.L. § 558.8. If the mortgage is executed after the marriage, the mortgagee's rights are subject to

5

the widow's dower rights. Cameron has summarized this situation as:

> This means that a mortgage executed before marriage takes priority over the dower interest of the widow. All mortgage interests created subsequent to the marriage are subject to the wife's inchoate dower unless she bars it, except a purchase money mortgage (any mortgage given to secure the payment of the purchase money) given by the husband when he purchases lands during coverture. This is because the law views both the deed and the purchase money mortgage as constituting a single transaction, with title passing by the deed subject to the mortgage. *Young v. McKee*, 13 Mich 552 (1865). Although his widow is not entitled to dower out of such lands against the purchase money mortgage, she is entitled to her dower against all other persons. MCL 558.4.
>
> . . .
>
> The wife's execution of a mortgage, without more, does not bar her dower but subjects it to the lien of the mortgage. She becomes a mortgagor. *Oades v. Standard Sav & Loan Ass'n*, 257 Mich 469, 241 NW 262 (1932); *see also Fifth Nat'l Bank v. Pierce*, 117 Mich 376, 75 NW 1058 (1898).
>
> If a mortgage on lands subject to a wife's dower interest is foreclosed – regardless of whether the wife has joined with her husband as mortgagor – and there are surplus funds remaining after payment of the moneys due on the lands and the costs and charges of the sale, the widow is entitled to the interest or income of one-third of the surplus, for her life, as dower. MCL 558.5; *Burrall*. Likewise, if mortgaged property passes from the husband to his heirs or someone else and the person claiming under the husband pays and satisfies the mortgage, the amount paid is deducted from the value of the land, and the widow is entitled, as her dower, to the value of one-third of the residue after the deduction. MCL 558.6.
>
> A wife's inchoate dower is a sufficient interest in mortgaged real estate to give her a right to redeem following foreclosure. *Tuller v. Detroit Trust Co*, 259 Mich 670, 244 NW 197 (1932). If the wife does not join in the mortgage to bar her dower rights, and the mortgage is not a purchase money mortgage, her interest in the property may not be passed or prejudiced in any judicial proceeding to which she is not a party.

1 JOHN G. CAMERON, JR., MICHIGAN REAL PROPERTY LAW: PRINCIPLES AND COMMENTARY § 8.6 (3d ed. 2005).

The impact and effect on the dower right when a mortgage is foreclosed was detailed in *Tuller v. Detroit Trust Co.*, 259 Mich. 670 (1932). In *Tuller*, the wife was financially unable to redeem the property and the Michigan Supreme Court did not question the validity of the mortgage on this basis,

despite the fact that the wife effectively lost all rights to the property when she was unable to redeem. *Id.* at 677-79.[3] Thus, in the instant case, Dana's lack of signature on the second mortgage does not render the mortgage invalid, but rather gives her a right to redeem in the event there is a foreclosure.

The Court has also considered whether the failure to have Dana's signature on the mortgage invalidates the mortgage on a homestead. In *Bullard v. Indymac Bank FSB*, 539 Fed. Appx. 665 (6th Cir. 2013), the Sixth Circuit Court of Appeals held that a mortgage was valid and enforceable although the husband did not sign the mortgage, and that he did not have a protected homestead interest in property under M.C.L.A § 600.6023(1)(h). The *Bullard* Court explained that under this statute the provision only applies to a property homestead interest which is both "owned and occupied" by the person asserting the exemption, explaining that a homestead interest does not exist in property "the title to which is in another person." *Bullard,* 539 Fed. Appx. at 668 (citing *Storey v. Storey*, 275 Mich. 675, 267 N.W. 763, 764 (1936)).

The *Bullard* case supports the conclusion that the second mortgage is valid because although Dana did have a dower interest in the property, she does not own or hold title to the Property; rather, Charles M. and Charles R. do as tenants in common. The case before this Court is slightly different because there are no coverture restrictions on the property rights of married women. A married woman who owns property in her own name may mortgage the property as if she was single. A married man, however, holds certain properties, including property held as tenants in common, subject to his wife's dower interest. However, as explained above, case law establishes that the dower

---

[3] The Michigan Court of Appeals grappled with these concepts in an unpublished opinion, *Rice v. Rice*, No. 253843, 2005 WL 3077145 (Mich. Ct. App. November 17, 2005). In *Rice*, a husband acquired a gift of real property while married. The husband, while married, obtained a mortgage against the real property without the signature of his wife. The Michigan Court of Appeals held: "Michigan law does not explicitly require a wife's signature for a husband to create a valid mortgage, even if it is not a PMM [purchase money mortgage]. Rather, a wife has the right to redeem the mortgaged property upon foreclosure." *Id.* at *2. The *Rice* Court found there was a valid mortgage and defendant's dower rights were not a valid defense to foreclosure proceedings as a matter of law.

7

13-03284-dof    Doc 24    Filed 09/28/15    Entered 09/28/15 14:03:26    Page 7 of 9

interest grants the wife a right to redeem in the event of a foreclosure, rather than resulting in the invalidation of the mortgage.

The Plaintiffs also argue that the failure of the Defendant to have Charles R. sign the second mortgage invalidates that mortgage. The Plaintiffs do not cite any authority for that conclusion and the Defendant does not address the issue. In this case, Charles M. seeks to invalidate the second mortgage, but does not present any evidence questioning the validity of his signature. Absent such evidence, the Court is left with the result that the second mortgage is valid as to Charles M., but that Charles R. could question the extent, if any, of the second mortgage on his interest in the Property. Since these issues were not addressed in detail, the Court reserves that issue for later consideration by the parties.

## Conclusion

The Court has carefully reviewed the pleadings of the parties and has concluded that the Motion for Summary Judgment should be denied as a matter of law. Additionally, the Court finds that a genuine dispute exists as to the value of the Property, and this fact is necessary for the Court to properly determine the value of the security in the Property. In the Plaintiffs' Complaint (Docket No. 1) the property is valued at not exceeding $74,000.00. The Plaintiffs offer no basis for this valuation. In the Defendant's Response to Motion for Summary Judgment (Docket No. 17) the property is valued between approximately $105,000.00 and $122,000.00 based upon a Broker's Price Opinion obtained on September 26, 2013. Additionally, the Court finds a genuine dispute as to the amount owing under the first mortgage. In the Complaint, the amount owed on the first mortgage was stated as $75,000.00. In the Defendant's Answer to the Complaint (Docket No. 3), the amount owing was listed as $58,974.31 based upon the Proof of Claim filed at Claims Register #4-1.

For these reasons, the Court denies the Motion for Summary Judgment of Charles M. Douglass and Dana D. Douglass. The Court will conduct a telephonic status conference regarding the status of this adversary proceeding on **Wednesday, October 14, 2015, at 1:30 p.m.**

.

**Signed on September 28, 2015**

                                                 **/s/ Daniel S. Opperman**
                                                 **Daniel S. Opperman**
                                                 **United States Bankruptcy Judge**